## HENRY POPE & others *vs.* INHABITANTS OF HALIFAX & others.

A town having voted to loan its portion of the surplus revenue received under *St.* 1837, *c.* 85, " to the inhabitants of the town, as the population of the town was, on the head and the heads of families, to give their securities for themselves and minor children, guardians for children they are guardians for, and the selectmen for town paupers, and that the trustees of the surplus revenue in behalf of the town accept the securities of minor children, who have no parents or guardians ; " and having, at a subsequent meeting, voted that " the trustees of the surplus revenue loan the same in equal sums to each and every inhabitant of the town, and that each inhabitant give two sureties which should be acceptable to the trustees ; that the loan be made according to a census to be taken, and also having voted that the trustees need not require one of the sureties to be a freeholder : " *Held,* that such votes were in violation of the act concerning the deposit of the surplus revenue passed March 24, 1837, and were illegal and void ; and that compliance with such votes on the part of the trustees should be prohibited by injunction.

The taxable costs of the complainants, in a bill for enjoining such distribution of the town's portion of the surplus revenue, ordered to be paid by the defendants out of said surplus revenue fund.

Form of the decree in such case.

THIS was a bill in equity, originally filed May 13, 1852, by Henry Pope and three other tax-paying inhabitants of the town of Halifax, to restrain the distribution of said town's portion of the surplus revenue, received under the act of con

gress, 23d of June, 1836, *c.* 115, § 13, and the statutes of Massachusetts, *St.* 1837, *c.* 1 and *c.* 85. After setting forth the above cited statutes, the bill alleged that the town of Halifax received from the treasurer of the commonwealth the sum of $1,556.72, and annually chose trustees to manage and loan out said fund, in sums not less than fifty nor more than two hundred dollars, to any one person, on notes payable on demand, with good and sufficient bondsmen, the interest to be paid annually and appropriated for the support of schools; and that the trustees chosen in the spring of 1852 were Jabez P. Thompson, Zadock Thompson, Chipman Porter, Robert Inglee, Dexter C. Thompson, William A. Peaslee, Edwin Inglee, and Nahum Washburn, who were also made respondents in said bill.

The bill further averred that on the 3d day of May, 1852, the inhabitants of said town of Halifax voted " that the trustees be authorized to collect in the surplus revenue (loaned out as above stated) by the 1st of September, 1852, and to loan it to the inhabitants of the town, as the population now is, on the head and the heads of families, to give their securities for themselves and minor children, guardians for children they are guardians for, and the selectmen for town paupers to the trustees; that the trustees accept the securities of minor children in behalf of the town who have no parents or guardians." The bill also alleged that the individual respondents intended to loan out and distribute said fund in pursuance of said vote, and contrary to the trusts upon which the town received the same; whereby a large part would be lost, and the complainants and other responsible inhabitants of said town would be compelled to repay the same to the commonwealth; and prayed for relief by injunction, and for other proper decrees for enforcing and regulating the execution of the trusts under which said fund was received by the town.

A temporary injunction was granted, May 13, 1852, and on the 5th of July, 1852, the respondents filed their answer, substantially admitting the facts alleged in the bill, but denying any misappropriation of the fund, and relying upon the right of the town to act as they had done in the premises. The

case was argued in Boston in January, 1853, by *E. Ames*, for the complainants, and *T. G. Coffin*, for the respondents, and continued for advisement.

On the 10th of May, 1853, the complainants, after leave granted, filed a supplemental bill, alleging that at the March meeting, 1853, Nahum Washburn, Edwin Inglee, and William A. Peasley, were duly chosen the sole trustees of said fund for that year, and on the 4th of April, 1853, the town voted, " that the trustees of the surplus revenue be, and are hereby instructed to collect said surplus revenue by the 15th of May next; that the trustees then loan said surplus revenue in equal sums to each and every inhabitant of the town, and that each and every inhabitant give two sureties, which shall be acceptable to the trustees; and that the trustees need not require one of the sureties to be a freeholder." Said supplemental bill also stated that the respondents " and a majority of the legal voters of said town are determined, and are proceeding with what speed they can, to loan and distribute said revenue pursuant to said vote," and praying for relief as in the original bill, and a second injunction issued accordingly, dated May 10, 1853.

The supplemental answer admitted the substantive facts as alleged, and averred that "by the act of congress and of the legislature, before referred to, the town of Halifax had authority to authorize the respondents, as trustees, to collect the said surplus revenue, and loan the same in manner and form as therein directed; and denies that there exists any purpose or intent of the town of Halifax, or of said trustees, to dispose of said surplus revenue, by way of loan in any other way or manner than such as is sanctioned by law; and denies that said vote of said town of Halifax last referred to in the bill, gives any other authority to loan said fund, than such as the law of the land allows, viz : in equal sums to the inhabitants upon giving two sureties which shall be acceptable to the trustees; and that said town of Halifax, or the said trustees, have any intent to loan or dispose of said surplus revenue in any other, or different manner than as is justified by the laws of the United States and of this state."

The case was again argued in Boston, in January, 1854, by *E Ames,* for the complainants, there being no appearance for the respondents, and the court ordered the following decree to be entered :

" This cause came on to be heard at the present term of this court upon the pleadings and proofs ; and upon full considera- tion thereof, it is now ordered, adjudged, and decreed that the votes passed on the third day of May, 1852, and on the fourth day of April, 1853, by the inhabitants of the town of Halifax, as set out in the original and supplemental bills, and admitted by the answers of the respondents, are contrary to, and in vio- lation of the provisions of the act entitled ' an act concerning the deposit of the surplus revenue,' passed on the 24th day of March, 1837, and are null and void and of no effect to all intents and purposes whatsoever.

" And it is further ordered, adjudged, and decreed that the two injunctions heretofore granted in this case, the first bear- ing date May 13, 1852, and the second bearing date May 10, 1853, for the stay of the respondents, and each and all of them from collecting, receiving, distributing, and loaning said sur- plus revenue or any part thereof, as more particularly set out in said writs of injunction, duly served, returned, and on file in this case, be, and the same are hereby made perpetual.

" It is further ordered, that the clerk do issue to the com- plainants a perpetual injunction against the respondents, the inhabitants of the town of Halifax generally, and against the said Nahum Washburn, Edwin Inglee, and William A. Peas- ley particularly, therein and thereby commanding them under the penalty of $5,000, to be levied on their goods and chattels, lands and tenements, and for want thereof, on their bodies, wholly to abstain forever hereafter from collecting, receiving, distributing, and loaning the said surplus revenue of the said town of Halifax or any part thereof, as proposed and declared in and by said votes of said town of Halifax, passed on the third day of May, 1852, and on the fourth day of April, 1853 ; and wholly to abstain and refrain from applying said surplus revenue or any part thereof, or any interest upon the same for any purpose or object inconsistent with the provisions of law

35 *

" And it is further ordered and decreed, that the complainants be paid their taxable costs of this suit out of the fund of the surplus revenue of said town of Halifax, and that the clerk do issue to the complainants in this case an execution against the respondents Washburn, Inglee, and Peasley, for said taxable costs, inserting in such execution an order that said costs be paid to the complainants out of the said surplus revenue fund of said town of Halifax."